UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRICHE L. SAUCIER | CIVIL ACTION |
| VERSUS | NO. 20-2373 |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is plaintiff Triche L. Saucier's motion for attorney's fees.[1] Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration (the "Commissioner"), does not oppose the motion.[2] For the following reasons, the Court grants the motion.

### I. BACKGROUND

On September 30, 2020, plaintiff brought this action against the Commissioner of the Social Security Administration, seeking review of the Commissioner's denial of plaintiff's application for disability insurance benefits.[3] On November 3, 2021, the Commissioner filed a motion to reverse and remand the case to the agency for further administrative proceedings,

---

[1] R. Doc. 36.
[2] R. Doc. 38.
[3] R. Doc. 5.

under 42 U.S.C. § 405(g).[4] On November 18, 2021, Magistrate Judge Karen Wells Roby issued a Report and Recommendation ("R&R"), recommending that the Court grant the motion to reverse and remand.[5] No party objected to the R&R, and the Court adopted the R&R as its opinion, and remanded plaintiff's case to the agency for further proceedings.[6]

On March 7, 2022, plaintiff filed a motion for attorney's fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").[7] Plaintiff seeks fees in the amount of $6,790.00 for time expended in this litigation.[8] Defendant does not object to plaintiff's request, but notes that, pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the fees should be awarded directly to plaintiff, rather than to her counsel.[9] The Court considers the motion below.

## II.   DISCUSSION

The Court must award attorney's fees and expenses under 28 U.S.C. § 2412(d)(1)(A) if (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) there are no

---

| | |
|---|---|
| 4 | R. Doc. 33. |
| 5 | R. Doc. 34. |
| 6 | R. Doc. 35. |
| 7 | R. Doc. 36. |
| 8 | R. Doc. 36-1 at 3. |
| 9 | R. Doc. 38. |

special circumstances that make an award unjust. *See Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). The Commissioner concedes that Saucier is entitled to attorney's fees. The Court therefore finds that plaintiff is entitled to attorney's fees under section 2412(d), and proceeds to calculate the amount of the award.

First, the Court must determine the appropriate hourly rate. The EAJA provides that the amount of fees awarded to a prevailing party should be "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Saucier requests an hourly rate of $194.00 for the work her counsel performed in this matter. The Commissioner does not dispute the hourly rate. Moreover, other sections of this Court have recently recognized that this cost-of-living increase is appropriate. *See, e.g.*, *Francis o/b/o A.B. v. Saul*, No. 18-13862, 2020 WL 5095286, at *3 (E.D. La. Aug. 28, 2020) (approving a $194.00 hourly rate based on cost of living); *Boasso v. Saul*, No. 18-5623, 2019 WL 5212277, at *2 (E.D. La. Oct. 16, 2019) (same). For these reasons, and given the absence of opposition by the Commissioner, the Court concludes that the hourly rate of $194.00 is reasonable.

Second, the Court must determine whether Saucier's counsel reasonably expended thirty-five hours on this litigation. The fee applicant bears the burden of proving that the hours requested are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir.1987). The Supreme Court requires fee applicants to exercise "billing judgment," meaning they should "exclude from a fee request hours that are excessive, redundant and otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434, 437. Counsel should exclude hours that would be unreasonable to bill to a client, and therefore to one's adversary, irrespective of counsel's skill, reputation, or experience. *See id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). Upon review of the itemized statement of time attached to plaintiff's motion,[10] the Court finds that thirty-five hours of charged time are reasonable.

For the foregoing reasons, the Court finds that plaintiff is the prevailing party, and is entitled to attorney's fees. The Court further finds that the hourly rate of $194.00, and the hours expended, thirty-five, are reasonable. The Court therefore finds that an award of $6,790.00, made payable to Saucier, *see Ratliff*, 560 U.S. at 591-93, is appropriate.

---

10   R. Doc. 36-1.

## III.  CONCLUSION

The Court GRANTS plaintiff's motion for attorney's fees.  The Court awards plaintiff Triche L. Saucier a total of $6,790.00 in attorney's fees.

New Orleans, Louisiana, this __14th__ day of June, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE