UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRICHE L. SAUCIER                                        CIVIL ACTION

VERSUS                                                      NO. 20-2373

KILOLO KIJAKAZI, ACTING                          SECTION "R" (4)
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

### ORDER AND REASONS

Before the Court is plaintiff's counsel's motion for attorney's fees.[1]

Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security

Administration (the "Commissioner"), does not oppose the motion.[2] For the

following reasons, the Court grants the motion.

## I.      BACKGROUND

On September 30, 2020, plaintiff brought this action against the

Commissioner of the Social Security Administration, seeking review of the

Commissioner's denial of plaintiff's application for disability insurance

benefits.[3] On November 3, 2021, the Commissioner filed a motion to reverse

and remand the case to the agency for further administrative proceedings

---

[1]   R. Doc. 41.
[2]   R. Doc. 42.
[3]   R. Doc. 5.

under 42 U.S.C. § 405(g).[4]  On November 18, 2021, Magistrate Judge Karen Wells Roby issued a Report and Recommendation ("R&R") recommending that the Court grant the motion to reverse and remand.[5]  No party objected to the R&R, and the Court adopted the R&R as its opinion and remanded plaintiff's case to the agency for further proceedings.[6]  The remanded proceedings resulted in a finding that plaintiff was entitled to social security benefits, including an award of $181,438.10 to plaintiff in past-due benefits.[7]  Now, plaintiff's counsel moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act.[8]  The motion is unopposed.

The Court considers plaintiff's counsel's motion below.

## II.   DISCUSSION

42 U.S.C. § 406(b) allows for the award of attorney's fees to a disability-claimant's counsel who successfully pursues an appeal in court.  *Murkledove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011).  The award is to be paid "out of the past-due benefits recovered by a successful claimant in a Social Security action."  *Id.* The Fifth Circuit has explained that the provision exists "to

---

[4]     R. Doc. 33.
[5]     R. Doc. 34.
[6]     R. Doc. 35.
[7]     R. Doc. 41-1 (Notice of Award).
[8]     R. Doc. 41.

encourage effective legal representation of claimants by ensuring lawyers that they will receive reasonable fees directly through certification by the Secretary." *Jackson v. Astrue*, 705 F.3d 527, 530 (5th Cir. 2013) (quoting *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970)). But there is a statutory limit, set at 25% of the claimant's past-due benefits, which serves to ensure that a claimant's benefits not be excessively diluted by contingency-fee agreements. *Id.* at 530 n.6.

Section 406(b) applies when, as here, the claimant obtains a favorable decision on remand before the agency. *Id.* at 531. And, though the requested fee may be under the statutory ceiling of 25%, "§ 406(b) requires a court to review the 'arrangement as an independent check, to assure that it yields reasonable results' in the case." *Calaforra v. Berryhill*, No. 15-2298, 2017 WL 4551350, at *3 (S.D. Tex. Oct. 12, 2017) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (internal quotation marks omitted)). Thus, the Court's independent review ensures that the fee is not simply a windfall to the attorney. *Jeter v. Astrue*, 622 F.3d 371, 380-82 (5th Cir. 2010). "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Id.* at 379. The Court is vested with wide discretion in approving or discounting the amount of attorney's fees. *Id.* at 376.

The Court's task here is to determine if plaintiff's attorney has shown that the attorney's fees sought, which amount to $39,359.53, are reasonable. *Gisbrecht,* 535 U.S. at 807 n. 17; *Calaforra*, 2017 WL 4551350 at *3. In conducting this inquiry, courts looked to a number of non-exhaustive factors, including the existence of a contingency fee agreement, the risk of loss that the attorney assumes, the experience and quality of the attorney, whether the attorney caused any unnecessary delay, and the effective hourly rate. *Jeter*, 622 F.3d at 377; *Calaforra*, 2017 WL 4551350 at *4. Further, "[i]f the court finds the fee unreasonable, it 'must discuss the factors that demonstrate that the success on appeal is not of the attorney's making, but rather, is attributable to some other source for which it would be unreasonable to compensate the attorney.'" *Blanks v. Berryhill*, No. 14-CV-303, 2017 WL 6389693 at *2 (S.D. Tex. Nov. 21, 2017), *adopted*, 2017 WL 6398748 (S.D. Tex. Dec. 13. 2017) (quoting *Jeter*, 622 F.3d at 381).

In light of the applicable law, the Court finds that the fee requested by plaintiff's counsel is reasonable. Before this lawsuit was filed, plaintiff entered into a contingency fee agreement with the moving attorney and his law firm, which set the attorneys' compensation at 25% of any recovery of past-due benefits.[9] That percentage falls within the range set by statute. 42

---

[9]      R. Doc. 41-2.

U.S.C. § 406(b)(1)(A).  And, plaintiff's counsel now seeks to receive less than the agreed-upon amount, asking instead for approximately 21.6% of the past-due benefits awarded.  This is because he discounted the amount of fees calculated according to the contract ($45,359.53) by the $6,000 awarded to plaintiff's representative at the administrative level, resulting in the sought amount of $39,359.53.  Operating under a contingency fee arrangement, then, counsel assumed the risk that no benefits would be awarded and that his firm would receive nothing for its efforts.  *Smith v. Berryhill*, No. 15-686, 2017 WL 1501542 at *2 (N.D. Tex. Apr. 6, 2017), *adopted*, 2017 WL 1494722 (N.D. Tex. Apr. 26, 2017) (substantial risk of loss in Social Security cases). One court has noted that, on average, as little as 35% of claimants who filed suit received benefits. *Charlton v. Astrue*, No. 10-56, 2011 WL 6325905 at *4 (N.D. Tex. Nov. 22, 2011), *adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011).

In terms of the experience and quality of the attorney, plaintiff's lead counsel represents that he has litigated numerous disability-benefits cases in his career spanning more than 25 years, including matters handled as counsel for the Social Security Administration.[10]  Further, a review of the record reveals that plaintiff's counsel devoted 40.6 hours of work to this

---

[10]     R. Doc. 41 at 4.

case,[11] which included filing a 15-page brief that identified at least one meritorious argument. Additionally, there is no evidence that plaintiff's counsel was responsible for any unnecessary delay in the proceedings.

Finally, in terms of an hourly rate, an award of the fees requested by plaintiff's counsel would compensate them at a rate of $969.45 per hour for the work that they performed at the judicial level. To be sure, that amount is significantly more than the hourly rates typically awarded on Equal Access to Justice Act ("EAJA") fee applications as well as lead counsel's ordinary non-contingent rate of $595.00 per hour. But due to "the difficult nature of Social Security appeals and their low rates of success," a seemingly high hourly rate, by itself, "does not render an otherwise reasonable fee unreasonable." *Jeter*, 622 F.3d at 382. Because plaintiff was awarded past-due benefits that totaled $181,438.10, the applicable hourly rate is instead a reflection of counsel's effective representation and positive results obtained for plaintiff. Further, as explained previously, plaintiff's counsel seeks to recover significantly less than the amount agreed upon. Lastly, an hourly rate of $969.45 is also less than, or similar to, rates approved in several other cases. *Claypool v. Barnhart*, 294 F.Supp.2d 829 (S.D. W. Va. 2003) ($1,433.12 per hour); *Sabourin v. Colvin*, No. 11-2109, 2014 WL 3949506

---

[11]     R. Doc. 41-3 at 2-3.

(N.D. Tex. Aug. 12, 2014) ($1,245.55 per hour); *Brown v. Barnhart*, 270 F. Supp. 2d 769 (W.D. Va. 2003) ($977.20 per hour); *Wilson v. Berryhill*, No. 13-1304, 2017 WL 1968809 (N.D. Tex. Apr. 7, 2017), *adopted*, 2017 WL 1956242 (N.D. Tex. May 11, 2017) ($937.50 per hour); *Prude v. U.S. Comm'r Soc. Sec. Admin.*, No. 11-1266, 2014 WL 249033 (W.D. La. Jan. 22, 2014) (same). The requested hourly rate is similarly within the range of awards for cases involving comparable work. *See, e.g.*, *Smith*, 2017 WL 1501542 at *3 (finding $20,898.68 for 27.10 hours reasonable). In light of the applicable authorities and the Commissioner's position, the Court finds that the requested award is reasonable and that it as a direct result of counsel's advocacy as opposed to an inappropriate windfall. *Calaforra*, 2017 WL 4551350 at *4.

The Court also notes that EAJA fees in the amount of $6,790.00 were awarded in this case previously. Plaintiff's counsel requests that, pursuant to the Social Security Act and the EAJA, the Court order them to refund EAJA fees in the amount of $6,790.00 directly to the plaintiff.[12] The Court finds that such a refund to the plaintiff is required by the applicable law. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (explaining that an EAJA award offsets an award under Section 406(b) such that the amount of the total past-

---

[12]   R. Doc. 41 at 2.

due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits).

For the foregoing reasons, plaintiff's counsel's motion is granted.

## III.   CONCLUSION

The Court GRANTS plaintiff's counsel's motion for attorney's fees. The Court approves the requested fee of $39,359.53 and ORDERS plaintiff's counsel to refund the plaintiff in the amount of $6,790.00.

New Orleans, Louisiana, this __26th__ day of May, 2023.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE